UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| XIOMARA D. HERNANDEZ, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:20-CV-3098-B |
| | § | |
| WILHELM BIERMAN, *District Director* | § | |
| *of the Dallas District Office of the United* | § | |
| *States Citizenship and Immigration* | § | |
| *Services,* and UNITED STATES | § | |
| CITIZENSHIP AND IMMIGRATION | § | |
| SERVICES, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is the Motion to Dismiss (Doc. 5) filed by Defendant Wilhelm Bierman,

acting in his official capacity as District Director of the Dallas District Office of the United States

Citizenship and Immigration Services, and Defendant United States Citizenship and Immigration

Services (collectively, "USCIS"). For the reasons that follow, the Court **GRANTS** USCIS's motion

and **DISMISSES** Plaintiff Xiomara D. Hernandez's complaint (Doc. 1).

## I.

## BACKGROUND[1]

Hernandez is a naturalized United States citizen. Doc. 1, Compl., 1. On April 13, 2018,

Hernandez submitted a Form I-130, Petition for Alien Relative ("Form I-130") to USCIS, seeking

---

[1] The Court draws its factual account from the Hernandez's complaint (Doc. 1) and USCIS's motion
to dismiss (Doc. 5).

to classify her husband—Marvin Oswaldo Gonzalez, a current resident of El Salvador—as her spouse so that he may obtain lawful permanent resident status. *Id.* On May 24, 2019, Gonzalez filed a Form-I-601, Application for Waiver of Grounds of Inadmissibility ("Form I-601") with USCIS, seeking a waiver of the grounds of his inadmissibility "stemming from being unlawfully present in the United States for approximately twenty years before acquiring [temporary protected status]." *Id.* at 6–7; *see* Doc. 1-14, Pl.'s Ex. L, 2. Because the Form I-130 had not yet been approved at the time USCIS reviewed the Form I-601, USCIS denied the Form I-601 on the basis that Gonzalez was not yet "eligible to apply for a waiver[.]" Doc. 1-14, Pl.'s Ex. L, 2.

By October 9, 2020, USCIS still had not made a determination on Hernandez's Form I-130 so Hernandez filed a complaint in this Court, petitioning the Court to compel USCIS to approve the Form I-130 and reopen the Form I-601 for reconsideration. Doc. 1, Compl., 8, 13–14. On November 2, 2020—approximately one month after Hernandez filed her complaint—USCIS approved Hernandez's Form I-130. Doc. 5, Defs.' Mot., 3–4.

On December 15, 2020, USCIS filed the present motion seeking to dismiss Hernandez's complaint (Doc. 5). Hernandez did not respond USCIS's motion, and it is now ripe for review. For the reasons that follow, the Court **GRANTS** USCIS's motion to dismiss.

## II.

### LEGAL STANDARD

Article III of the Constitution limits federal jurisdiction to actual "[c]ases" and "[c]ontroversies." U.S. Const. art. III, § 2. Where a court lacks the constitutional power to adjudicate a case, it must dismiss it for lack of subject-matter jurisdiction under Rule 12(b)(1). *Home*

*Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998). The party invoking federal jurisdiction bears the burden of establishing subject-matter jurisdiction. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (per curiam). "The justiciability doctrines of standing, mootness, political question, and ripeness all originate in Article III's 'case' or 'controversy' language[.]" *Choice Inc. v. Greenstein*, 691 F.3d 710, 715 (5th Cir. 2012) (citation omitted).

The doctrines of standing and mootness are at issue here. To show standing, a plaintiff must "demonstrate a personal stake in the suit." *Camreta v. Greene*, 563 U.S. 692, 701 (2011) (citation and quotation marks omitted). To demonstrate such a personal stake, a plaintiff must show: (1) "an injury in fact"; (2) "a causal connection between the injury and the conduct complained of"; and (3) a likelihood that a favorable decision would redress the injury. *Ford v. NYLCare Health Plans of Gulf Coast, Inc.*, 301 F.3d 329, 332 (5th Cir. 2002) (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992)).

Surviving a motion to dismiss for mootness, like standing, requires a plaintiff to demonstrate a "personal stake" in the outcome of the litigation. *United States v. Sanchez-Gomez*, 138 S. Ct. 1532, 1534 (2018) (citation omitted). But unlike standing, the plaintiff must demonstrate that this personal stake continues through "all stages of review, not merely at the time the complaint is filed. A case that becomes moot at any point during the proceedings is . . . outside the jurisdiction of the federal courts." *Id.* (citations and quotation marks omitted).

## III.

## ANALYSIS

A.    *Hernandez's Claim Related to the Form I-130 Is Moot.*

USCIS asserts that Hernandez's claim related to the Form I-130 should be dismissed as moot. Doc. 5, Defs.' Mot., 4. The Court agrees.

Federal courts may adjudicate only "actual, ongoing controversies between litigants." *Deakins v. Monaghan*, 484 U.S. 193, 199 (1988). "If a dispute has been resolved or if it has evanesced because of changed circumstances, . . . it is considered moot." *Am. Med. Ass'n v. Bowen*, 857 F.2d 267, 270 (5th Cir. 1988) (citation omitted); *see also S. Plains Switching Co. v. Surface Transp. Bd.*, 271 F. App'x 465, 466 (5th Cir. 2008) (per curiam) (finding plaintiff's request for mandamus relief moot because the event sought to be compelled had already occurred).

In her complaint, Hernandez seeks an order compelling USCIS to approve her Form I-130. Doc. 1, Compl., 13. Approximately one month after Hernandez filed her complaint, USCIS approved her Form I-130, granting Hernandez the relief she seeks. Doc. 5, Defs.' Mot., 3–4. Hernandez does not dispute this. Because the event Hernandez seeks to compel has already occurred, her claim regarding the Form I-130 is moot. *See Bowen*, 857 F.2d at 270 (citation omitted). Accordingly, the Court **GRANTS** USCIS's motion with respect to Hernandez's Form I-130 claim and **DISMISSES** this claim.

B.    *Hernandez Lacks Standing for Her Form I-601 Claim.*

USCIS asserts that Hernandez's claim regarding the Form I-601 should be dismissed because: (1) Hernandez lacks standing as to this claim; (2) "no judicial review of waiver application decisions

is permitted"; and (3) USCIS has "no clear duty to reopen a denied discretionary waiver." Doc. 5,

Defs.' Mot., 4. Hernandez does not dispute these contentions. Because the Court finds that

Hernandez lacks standing to challenge the denial of her husband's Form I-601, the Court does not

reach the issues of whether judicial review is permitted or whether USCIS has a duty to reopen the

Form I-601.

A party generally "cannot rest [her] claim to relief on the legal rights or interests of third

parties." *Sec'y of State of Md. v. Joseph H. Munson Co.*, 467 U.S. 947, 955 (1984) (citation omitted).

"The Fifth Circuit has not specifically determined whether a . . . beneficiary has standing to file suit

to challenge a rejected [immigration] form. However, district courts in other circuits have repeatedly

held that the beneficiary of an immigrant petition lacks Article III standing to challenge the denial

of that petition[.]" *Siddhantam v. Sessions*, 2018 WL 4053366, at *3 (N.D. Tex. Aug. 24, 2018)

(citations and quotation marks omitted) (collecting cases); *see Olugbenle v. Heathman*, 2015 WL

3546996, at *5 (S.D. Tex. June 8, 2015) ("[T]o the extent that the plaintiff is himself challenging

the denial of the [immigration form], which he did not file . . . the case law supports the absence of

his standing to do so." (citing *Kale v. INS*, 2002 WL 1022012, at *2 (5th Cir. May 10, 2002); *Khalid

v. DHS*, 1 F. Supp. 3d 560, 568–69 (S.D. Tex. 2014) (collecting cases))).

The purpose of Form I-601 is to permit "[a]n individual who is ineligible to be admitted to

the United States as an immigrant or to adjust status in the United States . . . to seek a waiver of

certain grounds of inadmissibility." Doc. 1-15, Pl.'s Ex. M, 1. Here, Gonzalez filed the Form I-601 to

seek a waiver of the grounds for his own inadmissibility, which "stemm[ed] from [his] being

unlawfully present in the United States for approximately twenty years before acquiring [temporary

protected status]." Doc. 1, Compl., 6–7. In her complaint, Hernandez seeks "an order compelling [USCIS] to . . . reopen Plaintiff's [Form] I-601." Doc. 1, Compl., 14. However, Gonzalez is not a plaintiff in this case, and the Form I-601 is not Hernandez's, but Gonzalez's petition to USCIS. Doc. 1, Compl., 7. While Hernandez would undoubtedly benefit from the waiver of her husband's grounds of inadmissibility, she did not file the Form I-601 and therefore lacks standing to challenge its denial. Thus, the Court **GRANTS** USCIS's motion with respect to Hernandez's Form I-601 claim, and **DISMISSES** this claim.

## IV.

## CONCLUSION

Hernandez's claim regarding the Form I-130 is dismissed because it is moot, and her claim regarding the Form I-601 is dismissed because she lacks standing. Accordingly, no issues remain for the Court's determination, and the Court thus **GRANTS** USCIS's motion to dismiss (Doc. 5). Hernandez's complaint (Doc. 1) is hereby **DISMISSED**.

**SO ORDERED.**

**SIGNED: January 28, 2021.**

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE